TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Antionette Tullis

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Antionette Tullis,<br><br>            Plaintiff,<br><br>    vs.<br><br>Everest Receivable Services, Inc.,<br><br>            Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>**   1. THE TELEPHONE CONSUMER**<br>**   PROTECTION ACT;**<br>**   2. THE FAIR DEBT COLLECTION**<br>**   PRACTICES ACT; AND**<br>**   3. THE ROSENTHAL FAIR DEBT**<br>**   COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Antionette Tullis (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Everest Receivable Services, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2.     Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff is an adult individual residing in Dublin, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

2

6.     Defendant is a business entity located in Cheektowaga, New York, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

7.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8.     Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

10.     Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11.     At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

3

12.     At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 925-XXX-7992 (hereafter "Number").

13.     Defendant placed calls to Plaintiff's Number in an attempt to collect a debt.

14.     The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

15.     When Plaintiff answered Defendant's calls, she was often met with a prerecorded message directing her to remain on the line for a live representative.

16.     Plaintiff never provided her Number to Defendant and never provided her prior express consent to receive Defendant's automated calls.

17.     During a live conversation with Defendant, Plaintiff offered in good faith to set up a payment arrangement with Defendant that she could afford; however, Defendant refused to accept Plaintiff's offer.

18.     Defendant failed to send Plaintiff written notice of the alleged debt, informing her of her right to dispute the debt, within five (5) days of its initial communication with Plaintiff, as prescribed by 15 U.S.C. § 1362g(a).

19.     Defendant's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

20.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

21.     The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so.  *See* 47 U.S.C. § 227(b)(1).

22.     Defendant's telephone system has the earmark of using an ATDS and/or using Robocalls in that Plaintiff, upon answering calls from Defendant, heard a prerecorded message prior to being transferred to a live agent.

23.     Defendant called Plaintiff's Number using an ATDS and/or Robocalls without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

24.     Defendant continued to willfully call Plaintiff's Number using an ATDS and/or Robocalls knowing that it lacked the requisite consent to do so in violation of the TCPA.

25.     The TCPA creates a private right of action against persons who violate the Act.  *See* 47 U.S.C. § 227(b)(3).

5

COMPLAINT FOR DAMAGES

26.     As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

27.     As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

28.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

29.     The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

30.     Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

31.     Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

32.     Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

6

33.     Defendant failed to send Plaintiff written notice regarding the alleged debt within five (5) days after its initial communication with Plaintiff, in violation of 15 U.S.C. § 1692g(a).

34.     The foregoing acts and/or omissions of Defendant constitute multiple violations of the FDCPA, including every one of the above-cited provisions.

35.     Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## COUNT III

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

36.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

37.     The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

38.     Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

39.     Defendant communicated with Plaintiff with such frequency as to be unreasonable, constituting harassment, in violation of Cal. Civ. Code § 1788.11(e).

40.     Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

7

41.     Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

C. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

D. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

E. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

F. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

G. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

H. Punitive damages; and

I. Such other and further relief as may be just and proper.

### **TRIAL BY JURY DEMANDED ON ALL COUNTS**

COMPLAINT FOR DAMAGES

1

2  DATED:  July 27, 2016                    TRINETTE G. KENT

3
                                            By:   /s/  Trinette G. Kent
4                                           Trinette G. Kent, Esq.
5                                           Lemberg Law, LLC
                                            Attorney for Plaintiff, Antionette Tullis
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES